**Kevin Bruce JOHNSON, Plaintiff—Appellant,**

v.

**MARTINEZ, Sergeant, CMF; et al., Defendants—Appellees.**

**No. 02–17101.**

**D.C. No. CV–00–01416–MCE/GGH.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Snider's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Kevin Bruce Johnson, a mobility-impaired California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging prison officials were deliberately indifferent to his requests to alleviate slippery conditions on the shower floor. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir.1998). We affirm in part, vacate in part, and remand.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court concluded that the defendants were entitled to qualified immunity on Johnson's Eighth Amendment claim because the right at issue was not clearly established. This was error in light of our precedent holding that "slippery floors without protective measures could create a sufficient danger [to a disabled detainee] to warrant relief." *See id.* at 1129–30 (reversing summary judgment where prison officials were aware that pretrial detainee who used crutches had fallen and injured himself on slippery shower floor yet declined to "take reasonable measures to assist [plaintiff] in showering safely"). We therefore vacate and remand for the district court to reconsider its summary judgment under *Frost.*

Given the district court's determination that Johnson had exhausted his administrative remedies, Johnson's retaliation claim fails because he cannot show any First or Fourteenth Amendment injury resulting from Sgt. Martinez's alleged interference with Johnson's ability to exhaust. *See Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir.2000). We therefore affirm the district court's implicit grant of summary judgment on the retaliation claim.

In light of our disposition, we do not reach Johnson's remaining contentions.

**AFFIRMED in part, REVERSED in part, and REMANDED.**